**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Kelvin M. JONES, also known as Kevin Maurice Jones, Defendant–Appellant.**

**No. 09–30226**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 12, 2010.

Catherine M. Maraist, U.S. Attorney's Office, Baton Rouge, LA, for Plaintiff-Appellee.

Rebecca L. Hudsmith, Federal Public Defender, Federal Public Defender's Office, Western District of Louisiana, Lafayette, LA, for Defendant–Appellant.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Kelvin M. Jones appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence. He argues that the district court erred: in denying the motion based solely upon his criminal history and without otherwise explicitly referencing the sentencing factors set forth in 18 U.S.C. § 3553(a); in failing to acknowledge the disproportionate punishments for crack and powder cocaine; and in not conducting a live evidentiary hearing.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion[1] and begin by noting that the court "was under no obligation to reduce [the prisoner's] sentence at all."[2] The court need not mention the § 3553(a) factors—or any of its reasons—when ruling upon a § 3582(c)(2) motion, but the record makes clear that the court did consider both the § 3553(a) factors and the crack sentencing disparities.[3] Indeed, the district court weighed Jones's extensive criminal history—and, implicitly, his continuing danger—when determining that Jones warranted no reduction.[4] Although this court has mused whether in a § 3582(c)(2) proceeding the prisoner should get "an evidentiary hearing once he contest[s] the factual basis of some of the Government's contentions,"[5] Jones has not articulated a factual dispute; instead, he seeks a hearing to challenge the district court's conclusions. To this he is not entitled.[6]

AFFIRMED.

---

1. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009).

2. *Id.* at 673 (citing *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir.2009)).

3. *See id.* at 673–74 (explaining in part that "a court is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion" (citation and quotation marks omitted)).

4. *See* 18 U.S.C. § 3553(a)(1) & (2)(C); U.S.S.G. § 1B1.10 cmt. n. 1.(B)(ii).

5. *United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir.2008).

6. *See United States v. Kelley,* 365 Fed.Appx. 560, 561 (5th Cir.2010) (unpublished) (citing *United States v. Patterson,* 42 F.3d 246, 248–49 (5th Cir.1994); FED.R.CRIM.P. 43); *United States v. Hawthorne,* 358 Fed.Appx. 595 (5th Cir.2010) (unpublished) (same); *see also Evans,* 587 F.3d at 669 (noting that the district court did not grant a hearing on the § 3582(c)(2) matter).